**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JONATHAN JONES,

                    Plaintiff,

           v.

C.O. BENJAMIN ASAMOAH,

                    Defendant.

9:21-CV-1241
(GTS/DJS)

---

**APPEARANCES:**                          **OF COUNSEL:**

JONATHAN JONES
Plaintiff, *Pro Se*
19-A-4210
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

HON. LETITIA JAMES                    MATTHEW GALLAGHER, ESQ.
Attorney General of the State of New York    NOAH C. ENGELHART, ESQ.
Attorney for Defendants                Assistant Attorneys General
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff Jonathan Jones brings this 42 U.S.C. § 1983 civil rights action alleging that Defendant violated his constitutional rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Auburn Correctional Facility. *See* Dkt. No. 20, Am. Compl. at p. 1. Pending before the Court is Defendant's Motion for Summary Judgment seeking dismissal of the Amended

Complaint in its entirety.  *See* Dkt. No. 55-20, Def.'s Mem. of Law.  Plaintiff filed an opposition to the Motion to which Defendant replied.  Dkt. No. 60, Pl.'s Opp.; Dkt. No. 62.

For the reasons below, the Court recommends Defendant's Motion for Summary Judgment be **GRANTED**.

## I.  BACKGROUND

Plaintiff alleges that on July 25, 2020 he awoke to an anonymous note threatening physical assault.  Am. Compl. at p. 2.  Frightened for his safety, Plaintiff informed Defendant and requested to be placed in protective custody.  *Id.*  Plaintiff claims that Defendant refused his request.  *Id.*  Plaintiff went about his day.  *Id.*  That afternoon, Plaintiff's face was cut with a sharp weapon by an unknown assailant necessitating stitches.  *Id.* at p. 3.  As a result, Plaintiff maintains that Defendant failed to protect him from a substantial risk of serious harm in violation of his constitutional rights.  *Id.*  Plaintiff claims that he filed a grievance regarding this incident and "exhausted all . . . remedies available to him before filing this Complaint."  *Id.* at p. 2.  However, Auburn Correctional Facility has no record of any such grievance.  Nor does any other facility.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*,

34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To defeat a motion for summary judgment, the non-movant must set out specific facts showing that a genuine issue exists and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case.").

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Defendant seeks summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies, collateral estoppel, the merits of the claim, and qualified immunity. *See generally* Def.'s Mem. of Law.  As detailed below, the Court recommends that Defendant's Motion be granted because Plaintiff failed to exhaust his remedies.

### A.  Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement).  Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

## B. The Record Regarding the Filing of a Grievance

Plaintiff's failure to protect claim is one that must be exhausted under the PLRA. *Lurch v. Bui*, 2020 WL 8450543, at *4 (N.D.N.Y. Dec. 8, 2020), *report and recommendation adopted sub nom. Lurch v. Jones*, 2021 WL 392486 (N.D.N.Y. Feb. 4, 2021) (citing cases). The evidence offered by Defendant establishes that Plaintiff did not properly grieve the claim through the IGP. In fact, there is no evidence that he grieved

the claim at all.  Rachel Seguin, Director of DOCCS' IGP, conducted a search of CORC records for "appeals received from facility-level grievance determinations for Plaintiff." Dkt. No. 55-17, Seguin Decl., at p. 5.  The search revealed that Plaintiff was involved in "only one (1) grievance to CORC while incarcerated in DOCCS custody . . . which is a consolidated grievance from multiple incarcerated individuals regarding COVID-19 protocols."  *Id.*  Similarly, the IGP Supervisor at Auburn Correctional Facility, where Plaintiff was housed at the time of the alleged incident, declared that the only grievance Plaintiff filed while at Auburn was regarding "missing cigarettes and damaged food." Dkt. No. 55-11, Parmiter Decl., at p. 5 & Dkt. No. 55-12.  No grievance related to the subject incident was filed by Plaintiff while at Auburn or any other facility.  *See* Dkt. No. 55-16, Cutler Decl., at p. 5; Dkt. No. 55-13, Odell Decl., at p. 5.  Plaintiff does not argue to the contrary.  He sets forth only that he "exhausted all remedies," "complied with all mandates," and that his grievance was "ignored."  Pl.'s Opp. at p. 5.

### C.  Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may be excused if remedies were unavailable to the inmate.  *Ross v. Blake*, 578 U.S. at 642.  As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."  *Id.*  An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance

process through machination, misrepresentation, or intimidation." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (internal quotations and alterations omitted). Plaintiff bears the burden of establishing that the grievance procedures were unavailable. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

The record establishes that none of the exceptions above are applicable here. Plaintiff claims that the DOCCS grievance process is "completely broken," but does not substantiate his claim whatsoever. Pl.'s Opp. at p. 6. This alone provides a basis for finding that Plaintiff's failure to exhaust should not be excused. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016). Plaintiff has fully exhausted administrative grievances through the DOCCS grievance program on other occasions. Seguin Decl. at Ex. A. "This shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance. As such, the first two exceptions identified under *Ross* are not applicable here." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018); *see also Lurch v. Bui*, 2020 WL 8450543, at *5.

Nor has Plaintiff raised any triable question of fact as to the applicability of the third *Ross* exception. As noted above, he states only that he exhausted his remedies, his grievance was ignored, and the IGP is "completely broken." Pl.'s Opp. at p. 5. His conclusory allegations in this regard, however, are insufficient. *Richard v. Leclaire*, 2019

WL 4233184, at *3 (N.D.N.Y. Sept. 6, 2019); *Aviles v. Tucker*, 2016 WL 4619120, at *4 (S.D.N.Y. Sept. 1, 2016).  Plaintiff has not provided the Court with a copy of any grievance, grievance decision, or grievance appeal he allegedly filed.  *See, e.g.*, *Gibbs v. Gadway*, 2019 WL 5191506, at *5 (N.D.N.Y. Oct. 15, 2019), *report and recommendation adopted*, 2020 WL 1227156 (N.D.N.Y. Mar. 13, 2020) (conclusory claim subject to dismissal where copies of grievances allegedly filed were not submitted as evidence) (citing cases); *Blake v. Porlier*, 2019 WL 7484052, at *5 (N.D.N.Y. Oct. 4, 2019), *report and recommendation adopted*, 2020 WL 58613 (N.D.N.Y. Jan. 6, 2020) (same).  Nor does Plaintiff allege that any DOCCS employee interfered in any way with his ability to file a grievance that would implicate *Ross'* third exception.

For these reasons, the Court recommends that the Defendant's Motion for Summary Judgment be granted.

## D.  Defendant's Remaining Arguments

Plaintiff's failure to properly exhaust his administrative remedies is basis for dismissing the Amended Complaint in its entirety.  To the extent the District Court reaches the other grounds for summary judgment, this Court recommends that summary judgment be denied.

Defendant also seeks summary judgment on the merits of the Eighth Amendment claim and qualified immunity.  An Eighth Amendment failure to protect claim requires Plaintiff to prove that "1) he was incarcerated under conditions posing a substantial risk of serious harm, and that 2) prison officials exhibited deliberate indifference to the inmate's plight."  *Murray v. Goord*, 668 F. Supp. 2d 344, 357 (N.D.N.Y. 2009).  A

general, non-specific claim of potential harm is often insufficient to establish the first prong of the failure to protect standard. *See*, *e.g.*, *Pena v. New* York, 2020 WL 3453554, at \*4 (N.D.N.Y. June 24, 2020) (citing cases). Here, however, Plaintiff alleges that he received a note threatening that he would be harmed later that day, specifically asserting that he would be "cut." Dkt. No. 55-7, Pl.'s Dep. at p. 64. He further alleges that he was, in fact, attacked with a cutting instrument that day. Am. Compl. at ¶ 16. Those allegations, uncontroverted in the record, are arguably sufficient to establish the first prong of the failure to protect standard. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). As to the subjective prong of this standard, Plaintiff alleges that he took the note threatening harm to Defendant requesting protective custody and that Defendant took no action other than belittling Plaintiff and ripping up the note. *See* Pl.'s Dep. at pp. 64-74. Defendant has not offered any evidence as to this claim indicating whether he had any interaction with Plaintiff and, if so, whether he took any action. Accepting Plaintiff's uncontested version of facts as true, they certainly raise a question of fact about whether Defendant was deliberately indifferent to Plaintiff.[1]

Defendant also seeks summary judgment on estoppel grounds relying on a finding in a related New York Court of Claims case finding the state not liable for negligence. Courts have treated such a state court finding in the context of a failure to protect claim differently. *Compare Muhammad v. Reeves*, 2012 WL 5617113, at \*5 (W.D.N.Y. Nov. 15, 2012) *with Pack v. Artuz*, 348 F. Supp. 2d 63, 77 (S.D.N.Y. 2004). On the record

---

[1] The same evidentiary issues that preclude judgment on the merits of the Eighth Amendment claim also warrant denial of the Motion based on qualified immunity.

before this Court, it is recommended that the Motion on this ground be denied.  Counsel

appeared pro se at what amounted to a very brief trial on the merits of his state court

claim.  *See* Dkt. No. 55-9.  For the reasons outlined in the persuasive opinion of Magistrate

Judge Dolinger in *Pack*, this Court recommends denial of summary judgment based on

collateral estoppel given the record before the Court.  *Pack v. Artuz*, 348 F. Supp. 2d at

72-77.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No.

55) be **GRANTED**; and it is further

**RECOMMENDED**, that the Amended Complaint (Dkt. No. 20) be **DISMISSED**;

and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within

which to file written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v.*

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 15, 2024
     Albany, New York

                Daniel J. Stewart
                U.S. Magistrate Judge