UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN JONES,

                           Plaintiff,
                                                        9:21-CV-1241
v.                                                      (GTS/DJS)

CORRECTION OFFICER BENJAMIN
ASAMOAH, f/k/a John Doe,

                           Defendant.
_____

APPEARANCES:                              OF COUNSEL:

JONATHAN JONES, 19-A-4210
     Plaintiff, *Pro Se*
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

HON. LETITIA A. JAMES                     MATTHEW GALLAGHER, ESQ.
Attorney General for the State of New York   NOAH C. ENGELHART, ESQ.
     Counsel for Defendant                Assistant Attorneys General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Jonathan

Jones ("Plaintiff") against Benjamin Asamoah, an employee of the New York State Department

of Corrections and Community Supervision or "DOCCS" ("Defendant"), are (1) United States

Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendant's

motion for summary judgment be granted and Plaintiff's Amended Complaint be dismissed, (2)

Plaintiff's Objections to the Report-Recommendation, and (3) Defendant's response to Plaintiff's

Objections.  (Dkt. Nos. 64, 70, 71.)  For the reasons set forth below, the Report-Recommendation

is accepted and adopted in its entirety, Defendant's motion for summary judgment is granted, and

Plaintiff's Amended Complaint is dismissed.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Objections to the Report-Recommendation

Liberally construed, Plaintiff's Objections assert four arguments.  (Dkt. No. 70.)  First,

Plaintiff argues that Magistrate Judge Stewart failed to liberally construe his *pro se* papers in

opposition to Defendant's motion as raising the strongest arguments that they suggest, as

Magistrate Judge Stewart was required to do.  (*Id*. at 2-4.)[1]  More specifically, Plaintiff argues,

Magistrate Judge Stewart failed to do the following: (a) consider an investigative report

demonstrating certain failings of DOCCS (i.e., the N.Y.S. Defenders Investigative Report of

December 2023), which Plaintiff referenced in his opposition papers but did not attach to those

papers (due to his excusable ignorance of the law); (b) *sua sponte* add, as defendants in this

action, various other employees of DOCCS (including the facility superintendent, the supervisory

sergeant of the mess hall, and the correctional officer who was off post when the alleged assault

occurred) based on a liberal construction of the papers submitted by Defendant in support of his

motion; (c) *sua sponte* add a Fourteenth Amendment claim in this action based on the same

ground; and (d) take into account the fact that, when Plaintiff gave his grievance complaint to a

correctional officer to place in a prison mailbox (on July 25, 2020), Plaintiff was in protective

custody where he had to rely on that correctional officer to pick up his mail (even though

---

[1]      Page citations in this Decision and Order refer to the screen numbers on the
Court's Case Management / Electronic Case Filing ("CM/ECF") System, not to the page numbers
stated on the documents contained therein.

Plaintiff did not plead such facts in his opposition).  (*Id.*)

Second, Plaintiff argues that his failure to exhaust his administrative remedies should be excused because, although the "special circumstances" exception has been eliminated, an exception still exists where, as here, the grievance process was "broken" and the process to appeal an unfiled and unappealed grievance was "prohibitively opaque."  (*Id*. at 5-8.)  In support of his argument that the grievance process was prohibitively opaque, Plaintiff asks the Court to consider the following: (a) the attached declarations of inmates Alexander Hale (at "Exhibit B") and Darren Thomas (at "Exhibit C"); (b) "the numerous cases that have come out of Auburn Correctional Facility where the plaintiffs claimed that they submitted grievance complaints against officers in that facility that subsequently were never filed"; and (c) the fact that, under Directive # 4040, if a grievance complaint is not filed, then there is no way for an inmate to exhaust his administrative remedies.  (*Id*. at 7-8.)

Third, Plaintiff argues that his failure to submit either a declaration or exhibits to his response to Defendant's motion should also be excused because, as he was preparing that response, Plaintiff requested, from his facility's law library, a copy of Fed. R. Civ. P. 56, but was provided only a incomplete copy of that rule (which ended at subdivision "(b)"); and, as a result, he did not know that they had to submit a sworn affidavit or declaration in order to properly challenge documentary evidence and factual assertions.  (*Id*. at 8-10.)  In support of this argument, Plaintiff has attached (a) an incomplete copy of Fed. R. Civ. P. 56 (as "Exhibit D"), (b) the declaration of inmate Darren Thomas (as "Exhibit C"), and (c) his own declaration regarding the claimed failure to protect (as "Exhibit F").  (*Id*. at 9.)

Fourth, Plaintiff argues that Magistrate Judge Stewart erred also by failing to consider the

fact that, when Plaintiff's deposition was taken, he was clearly under the influence of oxycodone, a fact that is evident from (a) Plaintiff's answers to numerous questions during that deposition, and (b) the two declarations that Plaintiff has attached to his Objections (as "Exhibit A" and "Exhibit F").  (*Id*. at 10-12, 14-16.)

    **B.**    **Defendant's Response to Plaintiff's Objections**

    Generally, in response to Plaintiff's Objections, Defendant asserts four arguments.  (Dkt. No. 71.)  In response to Plaintiff's first argument (regarding a liberal construction of his opposition papers), Defendant argues that Magistrate Judge Stewart both expressly acknowledged and fully complied with that requirement.  (*Id* at 10; Dkt. No. 71, Attach. 1, at 2.) In any event, Defendant argues, the N.Y.S. Defenders Investigative Report of December 2023 (which Plaintiff still has not provided to the Court) is not binding on this Court and by necessity relies on a vast expanse of facts which are not part of the record in this particular case; the addition of various other DOCCS employees as defendants in this action would have had no bearing on the fact that Plaintiff did not exhaust his administrative remedies regarding the alleged incident at issue (either as it relates to Defendant Asamoah or any other DOCCS employee); and the fact that Plaintiff was in protective custody when he allegedly tried to file his grievance was part of the record before Magistrate Judge Stewart and, without more (such as copies of any of the grievances he purportedly attempted to file, or any of the three follow-up letters he alleged submitted to the Inmate Grievance Program) does not establish grounds to excuse Plaintiff's failure to exhaust.  (Dkt. No. 71, Attach. 1, at 2-4.)

    In response to Plaintiff's second argument (regarding the grievance process being "broken" and appeals process being "prohibitively opaque"), Defendant argues that this argument

is simply an elaboration of an argument that Plaintiff previously submitted to Magistrate Judge
Stewart (thus entitling it to only a clear-error review).  (*Id*. at 4 [comparing Dkt. No. 61, at 5-6
with Dkt. No. 70, at 5-8].)  In any event, Defendant argues, that argument is undermined by the
following: (a) the fact that Plaintiff both was able to explain his understanding of the grievance
process in his deposition (*id*. at 5 [citing pages "31" to "44" of Plf.'s deposition transcript,
attached at Dkt. No. 55, Attach. 7, at 31-44]); (b) the fact that Plaintiff has participated in that
grievance process on multiple other occasions (*id*. [citing Exhibit A to Cutler Declaration,
attached at Dkt. No. 55, Attach. 16, and Exhibit A to Seguin Declaration, attached at Dkt. No. 55,
Attach. 18]); and (c) the fact that Plaintiff has still not named the DOCCS officer who allegedly
never filed his grievance nor provided any documentary proof that he ever completed and
attempted to file a grievance, such as copies of relevant documents (*id*.).   Furthermore,
Defendant argues that the declarations of two other inmates Auburn Correctional Facility on
which Plaintiff relies are themselves unsupported by any documentary evidence that they
allegedly submitted grievances while at Auburn and, in any event, do not relate to the facts in the
record of this particular case.  (Dkt. No. 71, Attach. 1, at 4.)

    In response to Plaintiff's third argument (regarding the excusable nature of his failure to
submit either a declaration or exhibits to his response to Defendant's motion ), Defendant argues
that Plaintiff was provided sufficient notice when he received "Notice of the Consequences of
Failing to Respond to a Summary Judgment Motion."  (Dkt. No. 71, at 10; Dkt. No. 71, Attach.
1, at 5-6.)

    In response to Plaintiff's fourth argument (regarding him having been under the influence
of oxycodone during his the taking of his deposition), Defendant argues that this argument is

undermined by the following facts: (a) Defendant's motion for summary judgment on the basis of failure to exhaust administrative remedies was almost entirely, if not entirely, based on documentary evidence and declarations from witnesses other than Plaintiff; (b) during his deposition, Plaintiff stated that he was taking *Suboxone*, not *Oxycodone*; (c) when asked if the Suboxone was impairing his mental faculties in any way, including wooziness, grogginess, or drowsiness, Plaintiff responded "No, I'm – I'm good now," and when Plaintiff was asked if the Suboxone was impairing his ability to think or speak, Plaintiff replied "No – no, I can talk, I mean, I can talk"; (d) indeed, Plaintiff was able to answer questions throughout the duration of his deposition; and (e) Plaintiff offers no medical documentation or testimony from a witness with medical expertise as to his level of mental competence.  (Dkt. No. 71, at 10; Dkt. No. 71, Attach. 1, at 6-8.)  Finally, Defendant argues that the Court should not consider the second declaration that Plaintiff attaches to his Objections (as "Exhibit F") to support a finding that he informed Defendant of the threatening note, because that factual issue is irrelevant to whether Plaintiff failed to exhaust his administrative remedies.  (Dkt. No. 71, Attach. 1, at 7.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[2]  When

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C.

§ 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that

could have been, but was not, presented to the magistrate judge in the first instance.[3]  Similarly, a

district court will ordinarily refuse to consider argument that could have been, but was not,

presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-

0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district

judge will not consider new arguments raised in objections to a magistrate judge's report and

recommendation that could have been raised before the magistrate but were not.") (internal

quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13

(W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new

arguments raised in objections to a magistrate judge's report and recommendation that could have

---

only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

---

[4]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

After carefully considering the matter, the Court rejects each of the arguments asserted by Plaintiff in his Objections for each of the reasons stated by Defendant in his response thereto. *Compare* Part I.A. of this Decision and Order *with* Part I.B. of this Decision and Order.  As a result, the Court finds that those portions of the Report-Recommendation that Plaintiff has not specifically challenged (or that he has challenged only through repeated arguments) survive a clear error review, and that those portions of the Report-Recommendation that Plaintiff has specifically challenged survive a de novo review: Magistrate Judge Stewart has employed the proper standards, accurately recited the facts, and correctly applied the law to those facts.  (*See generally* Dkt. No. 64.)

To the reasons offered by Defendant, the Court adds only three brief points.  First, Plaintiff was twice given adequate notice of the consequences of failing to properly oppose a motion for summary judgment.  (Dkt. No. 55, at 4; Dkt. No. 56, at 2.)[6]  Both of those notices reference the need for copies of record evidence, which include "affidavits" or "declarations." (Dkt. No. 55, at 4, n.3; Dkt. No. 56, at 2, n.3.)  Indeed, here, Plaintiff filed both a declaration and exhibits in his opposition to Defendant's motion for summary judgment.  (Dkt. No. 61, at 3-7

---

[6]      The Court notes that in addition, during the time in question, copies of Local Rule 56.1(b) of the District's Local Rules of Practice (discussing necessity of record evidence to support denials of assertions in statements of material fact) and pages 39 and 40 of the District's *Pro Se* Handbook (discussing necessity of affidavits for motions with limited exceptions), were on file at Plaintiff's correctional facility.

[attaching Plf.'s Decl.]; Dkt. No. 61, at 13-31 [attaching Exhibits].)

Second, given the above-stated notice and partial compliance with that notice, the Court has not been presented with an adequate justification for departing from its ordinarily practice of refusing to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, supra,* Part II and note 3 of this Decision and Order. Simply stated, the Court finds that departing from the practice under the circumstances would be such an inefficient use of judicial resources as to frustrate the purpose of the 1968 Federal Magistrates Act.  *See, e.g., Robinson v. Valdamudi*, 10-CV-1442, 2014 WL 1239262, at *4 (N.D.N.Y. March 25, 2014) (Suddaby, J.) (refusing to consider late-blossoming evidentiary materials during *pro se* plaintiff's objection to report-recommendation).[7]

Third, even if the Court were to consider new evidentiary material during Plaintiff's objection to the Report-Recommendation, the Court would find no reason (in that material) to disturb Magistrate Judge Stewart's finding that "Plaintiff has not provided the Court with a copy of any grievance, grievance decision, or grievance appeal he allegedly filed."  (*Compare* Dkt. No. 64, at 8 [Report-Recommendation] *with* Dkt. No. 70 [Plf.'s Obj.].)[8]  Nor would the Court find a

---

[7]       The Court notes that, as has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.  *Cusamano v. Sobek*, 604 F. Supp.2d 416,  426-27 & n.4 (N.D.N.Y. 2009) (Suddaby, J.) (citing cases).

[8]       In addition to the two cases cited by Magistrate Judge Stewart (*Gibbs v. Gadway* and *Blake v. Porlier*), the Court relies on three other cases: *Rosado v. Fessetto*, 09-CV-0067, 2010 WL 3808813, at *7 (N.D.N.Y. Aug. 4, 2010) (Baxter, M.J.) ("Courts have consistently held . . . that an inmate's general claim that his grievance was lost or destroyed does not excuse the exhaustion requirement.") (citing cases), *report-recommendation adopted*, 2010 WL 3809991 (N.D.N.Y. Sept. 21, 2010) (Hurd, J.); *Rodriguez v. Cross*, 15-CV-1079, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017) (Hummel, J.) ("Courts in this Circuit have continuously held that mere contentions or speculation of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations.") (citing cases),

reason to disagree with Defendant's argument that Plaintiff has still not named the DOCCS

officer who allegedly never filed his grievance.  (*See generally* Dkt. No. 70.)

For all of these reasons, the Report-Recommendation is accepted and adopted in its

entirety for the reasons set forth therein, Defendant's motion for summary judgment is granted,

and Plaintiff's Amended Complaint is dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 64) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 55) is

**GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 20) is **DISMISSED**.

The Court certifies that an appeal from this Decision and Order would not be taken in

good faith.

Dated: September 10, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

*report-recommendation adopted*, 2017 WL 2790530 (N.D.N.Y. June 27, 2017) (Suddaby, J.);
and *Artis v. Dishaw*, 14-CV-1116, 2016 WL 11266599, at *7, n.13 (N.D.N.Y. Sept. 12, 2016)
(Baxter, M.J.) (finding that plaintiff's failure to exhaust was not excusable, in part because the
plaintiff "state[d] that some grievances were destroyed, but he has not submitted any copies of
these grievances, nor does he specify when he attempted to file them"), *report-recommendation
adopted*, 2016 WL 1076343 (N.D.N.Y. May 22, 2017) (D'Agostino, J.).